IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY RAFIQ SAMUELS,** *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| **WARDEN JULIO ALGARIN, et al.** *Defendants* | : | NO. 17-5679 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                          **FEBRUARY 9, 2018**

Plaintiff Larry Rafiq Samuels ("Mr. Samuels"), a prisoner at the Montgomery County Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 primarily based on allegations that he was denied access to legal materials. Mr. Samuels seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Samuels' leave to proceed *in forma pauperis*, dismiss his claims regarding the denial of access to the courts, and permit him to proceed on a retaliation claim against one defendant.

I.   **FACTS**[1]

Mr. Samuels initiated this lawsuit against Warden Julio Algarin, Deputy Warden Sean McGee, Keely DeAngelis, Lt. Zerr, and Brandon Craig. Between June 2017 and the beginning of August 2017, Mr. Samuels received legal material via the Lexis Advance System on the jail's computer. Sometime thereafter, he was denied access to those materials. This denial is the primary basis for his claims in the instant lawsuit.

Ms. DeAngelis operates the law library at the Montgomery County Correctional Facility. In the complaint, Mr. Samuels alleges that Ms. DeAngelis:

---

[1]   The following facts are taken from the Complaint.

1

continues to give [him] copies of legal material that [he] personally furnish[es], such as Motions[,] letters, and information to the courts and to [his] attorney of record, but now refuses to give [him] copies of the Lexis Advance legal material from the computer that has information that [he] cannot receive from the legal books provided in the Law Library, such as case laws, and criminal/civil strategies and techniques that [he] can obtain and utilize to apply to both [his] civil and criminal cases that [he] currently [has] ongoing to this day.

(Compl. at 10.)

In addition, Mr. Samuels alleges that DeAngelis informed him that he could not access the legal materials he sought because he had no money in his account. Mr. Samuels made several requests to Ms. DeAngelis for the materials from Lexis Advance, but she did not provide him with those materials and/or informed him that she had not received several of his requests. She also told Mr. Samuels that he could write down what he needed from the computer since he goes to the law library every day. Mr. Samuels informed Ms. DeAngelis that he did not have time to write everything down from the computer because he was "stretched too thin on everything," but she responded that it was not her problem and that she was acting in accordance with the instructions provided by Deputy Warden McGee and Warden Algarin. (*Id.* at 11.) On the occasions when Ms. DeAngelis provides Mr. Samuels with legal material, it was allegedly not the correct material. When Mr. Samuels complained, she told him that she did not care because she would be retiring soon.

On October 26, 2017, Mr. Samuels sent Mr. Craig, one of the social workers/counselors at the jail, a request for a grievance. Mr. Craig referred Mr. Samuels to Lt. Zerr, who allegedly threatened Mr. Samuels by "telling [him] to stop sending multiple request slips to Ms. Keely DeAngelis or [Lt. Zerr] will reprimand him for harassment." (*Id.*) Mr. Samuels alleges that he is now afraid to send additional requests for legal material because he does not want to go to the "hole." (*Id.*). He further alleges that the Defendants' actions have caused "a continuous legal

hindrance to [his] ongoing civil and criminal cases." (*Id.*) He seeks damages and "copies of all Lexis Advance legal materials off of the computer to have in his possession." (*Id.*)

## II. STANDARD OF REVIEW

Because it appears that he is not capable of prepaying the fees to commence this action, Mr. Samuels' motion for leave to proceed *in forma pauperis* is granted.[2] As Mr. Samuels is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This provision requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.* As Mr. Samuels is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis*, 518 U.S. at 350). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415

---

[2] However, as Mr. Samuels is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

(2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.* Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (*per curiam*).

Here, the Complaint does not describe the underlying civil claims that Mr. Samuels is pursuing. Accordingly, he has not satisfied the pleading standard because it is not clear that he has been prevented from pursing any nonfrivolous claims as a result of the Defendants' alleged actions. In any event, as Mr. Samuels has access to the law library and can access the Lexis Advance materials he seeks on the computer, it is not clear how his inability to physically possess the Lexis Advance materials—even if inconvenient—meaningfully hinders his ability to pursue his claims. Additionally, as the Complaint suggests that Mr. Samuels has counsel in his criminal cases, his right to access the courts has been satisfied for those cases in which he is counseled.[3]

Mr. Samuels may also be raising a retaliation claim based on his allegation that Lt. Zerr threatened to charge him with harassment if he filed additional grievances. "To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some adverse action at the hands of prison officials,' and (3) 'his constitutionally protected conduct was a substantial or motivating factor in the decision' to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (*per curiam*) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (internal quotations

---

[3] A review of public dockets reflects that Mr. Samuels is awaiting trial in Montgomery County and that he has court-appointed counsel. *See Commonwealth v. Samuels*, Docket No. CP-46-CR-0005275-2016 (Montgomery Cty. Ct. of Common Pleas); *Commonwealth v. Samuels*, Docket No. CP-46-CR-0006041-2015 (Montgomery Cty. Ct. of Common Pleas).

omitted). Filing a grievance against prison officials constitutes protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). In light of Mr. Samuels's allegation that Lt. Zerr threatened to charge him with harassment if he filed additional grievances and his allegation that he was deterred from filing more grievances for fear of being moved to the "hole," Mr. Samuels will be permitted to proceed on his retaliation claim at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Samuels's claims based on the denial of legal materials. However, he will be permitted to proceed on a retaliation claim against Lt. Zerr at this time. As it is possible that Mr. Samuels could amend the dismissed claims, he will be given an opportunity to file an amended complaint in accordance with the Court's order, which follows. If Mr. Samuels fails to file an amended complaint, his Complaint will only be served on Lt. Zerr.

NITZA I. QUIÑONES ALEJANDRO, USDC, J.