IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LARRY RAFIQ SAMUELS, | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN JULIO ALGARIN, *et al.* | : | NO. 17-5679 |
| *Defendants.* | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　　　　MARCH 23, 2018

Plaintiff Larry Rafiq Samuels, a prisoner at the Montgomery County Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 based on allegations that he was denied access to legal materials. For the following reasons, Mr. Samuels's Amended Complaint is dismissed, without prejudice, to amendment.

### I.　FACTS AND PROCEDURAL HISTORY

Mr. Samuels initiated this lawsuit against Warden Julio Algarin, Deputy Warden Sean McGee, Keely DeAngelis, Lt. Zerr, and Brandon Craig. In his Complaint, Mr. Samuels alleged that between June of 2017 and the beginning of August 2017, he received legal material via the Lexis Advance System on the jail's computer. He claims he was thereafter denied access to those materials, which was the primary basis for the instant civil action.

Ms. DeAngelis operates the law library at the Montgomery County Correctional Facility. Mr. Samuels alleged, *inter alia,* that Ms. DeAngelis:

> continues to give [him] copies of legal material that [he] personally furnish[es], such as Motions[,] letters, and information to the courts and to [his] attorney of record, but now refuses to give [him] copies of the Lexis Advance legal material from the computer that has information that [he] cannot receive from the legal books provided in the Law Library, such as case laws, and criminal/civil strategies and techniques

1

that [he] can obtain and utilize to apply to both [his] civil and criminal cases that [he] currently [has] ongoing to this day.

(Compl. at 10.)

The complaint further alleges that Ms. DeAngelis allegedly informed Mr. Samuels that he could not access the legal materials he sought because he has no money in his account. Mr. Samuels made several requests to Ms. DeAngelis for the materials from Lexis Advance, but she did not provide him with those materials and informed him that she had not received several of his requests. She also told Mr. Samuels that he can write down what he needs from the computer since he goes to the law library every day. Mr. Samuels informed Ms. DeAngelis that he did not have time to write everything down from the computer because he was "stretched too thin on everything," but she responded that it was not her problem and that she was acting in accordance with the instructions of Deputy Warden McGee and Warden Algarin. (*Id.* at 11.) On the occasions when Ms. DeAngelis provided Mr. Samuels with legal material, it was allegedly not the correct material and, when Mr. Samuels complained, she told him that she did not care because she will be retiring soon.

On October 26, 2017, Mr. Samuels sent Mr. Craig, one of the social workers/counselors at the jail, a request for a grievance. Mr. Craig referred Mr. Samuels to Lt. Zerr, who allegedly threatened Mr. Samuels by "telling [him] to stop sending multiple request slips to Ms. Keely DeAngelis or [Lt. Zerr] will reprimand him for harassment." (*Id.*) Mr. Samuels alleged that he is now afraid to send additional requests for legal material because he does not want to go to the "hole." (*Id.*). He alleged that the Defendants' actions have caused "a continuous legal hindrance to [his] ongoing civil and criminal cases." (*Id.*) He sought damages and "copies of all Lexis Advance legal materials off of the computer to have in his possession." (*Id.*)

In a Memorandum and Order dated February 9, 2018 and entered February 12, 2018, the Court granted Mr. Samuels leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), primarily because Mr. Samuels failed to state a claim for denial of access to the courts. [ECF No. 3 at 4.] The Court also concluded, at this screening stage, that Mr. Samuels could proceed on a retaliation claim against Lt. Zerr.

In light of the liberal standards governing cases filed by *pro se* litigants, the Court also gave Mr. Samuels an opportunity to file an amended complaint. Mr. Samuels was instructed that, if he filed an amended complaint, he should "name all defendants in the caption of the amended complaint and state how each defendant was involved in the violations of his rights." (ECF No. 4 at 2, ¶ 5.) Mr. Samuels was also advised that if he did not file an amended complaint, the Court would direct service on Lt. Zerr *only*.

Mr. Samuels returned a one-and-a-half page an Amended Complaint with an exhibit. He alleges that he "has not only ongoing criminal cases, but also a civil action lawsuit that is ongoing." [ECF No. 6 at 1.] He attached a copy of his complaint in the underlying civil action as an exhibit to his Amended Complaint. The referenced complaint was filed in the Montgomery County Court of Common Pleas and raises legal malpractice claims against his public defender.[1] The Amended Complaint appears to be claiming that Mr. Samuels has satisfied the pleading elements because he has identified a civil case upon which he is proceeding. On that basis, Mr. Samuels asks to "Amend [his] original claim of Kelly DeAngelis, Warden Julio Algarin, Deputy Warden Sean McGee, and Lt. Zerr for denying [his] Access to the Courts and Government

---

[1] Mr. Samuels's criminal dockets reflect that he is currently represented by private court-appointed counsel.

3

Interference." [ECF No. 6 at 1-2.] He asks to "sever Brandon Craig from the Civil Action suit." (*Id.* at 2.)

## II. STANDARD OF REVIEW

As Mr. Samuels is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This statute requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.* As Mr. Samuels is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Amended Complaint indicates that Mr. Samuels seeks to proceed on claims that Ms. DeAngelis, Warden Algarin, Deputy Warden McGee, and Lt. Zerr denied him access to the legal materials and, ultimately, to the courts. Unfortunately, Mr. Samuels did not specify his allegations against those Defendants in his Amended Complaint. However, reading his Amended Complaint in conjunction with his Complaint, the Court understands Mr. Samuels to be alleging that those Defendants denied him access to the courts by denying him printed material from Lexis Advance that he wanted to use to pursue his legal malpractice action.

"The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (*per curiam*) (quoting

4

*Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis*, 518 U.S. at 350). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Additionally, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).

Here, the Amended Complaint fails to state a claim that Mr. Samuels was denied access to the courts. Initially, as noted above, Mr. Samuels failed to raise allegations against each Defendant in his Amended Complaint. Even reading the Amended Complaint with the Complaint, nothing in Mr. Samuels's allegations suggests that his efforts to pursue his legal malpractice claim were impaired by the fact that he was denied print-outs of Lexis Advance materials. Indeed, Mr. Samuels's pleadings reflect that he was given access to those materials (even though he was not give free copies), so it is not clear what injury he is claiming to have suffered.

### IV. CONCLUSION

For the foregoing reasons, Mr. Samuels's Amended Complaint is dismissed. Mr. Samuels is given one more opportunity to amend in accordance with the Court's Order, which follows. If Mr. Samuels files a second amended complaint, he must include all of his allegations in that pleading so the Court can understand the basis for his claims against each Defendant.