# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| LARRY RAFIQ SAMUELS,<br>*Plaintiff,* | : :<br>: | |
| v. | : | CIVIL ACTION NO. 17-cv-5679 |
| WARDEN JULIO ALGARIN, et al.<br>*Defendants.* | : :<br>: | |

**MEMORANDUM**

**QUIÑONES ALEJANDRO, J.**                             **JUNE 4, 2018**

Plaintiff Larry Rafiq Samuels ("Samuel"), a prisoner at the Montgomery County Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 claiming that he was denied access to legal materials and was retaliated against. For the following reasons, Samuels's Second Amended Complaint is dismissed for failure to state a claim.

## I.   FACTS AND PROCEDURAL HISTORY

Samuels initiated this lawsuit against Warden Julio Algarin, Deputy Warden Sean McGee, Keely DeAngelis, Lt. Zerr, and Brandon Craig. In his Complaint, Samuels alleged that between June of 2017 and the beginning of August, 2017, he received legal material via the Lexis Advance System on the jail's computer, and was thereafter denied access to those materials, which was the primary basis for the instant civil action.

Ms. DeAngelis operates the law library at the Montgomery County Correctional Facility. Samuels alleged that Ms. DeAngelis

> continues to give [him] copies of legal material that [he] personally furnish[es], such as Motions[,] letters, and information to the courts and to [his] attorney of record, but now refuses to give [him] copies of the Lexis Advance legal material from the computer that has information that [he] can not receive from the legal books provided in the Law Library, such as case laws, and criminal/civil strategies and techniques

1

that [he] can obtain and utilize to apply to both [his] civil and criminal cases that [he] currently [has] ongoing to this day.

(Compl. ECF No. 5 at 10.)

Ms. DeAngelis allegedly informed Samuels that he could not access the legal materials he sought because he has no money on his account. Samuels made several requests to Ms. DeAngelis for the materials from Lexis Advance, but she did not provide him with those materials and informed him that she had not received several of his requests. She also told Samuels that he can write down what he needs from the computer since he goes to the law library every day. Samuels informed Ms. DeAngelis that he did not have time to write everything down from the computer because he was "stretched too thin on everything," but she responded that it was not her problem and that she was acting in accordance with the instructions of Deputy Warden McGee and Warden Algarin. (*Id.* at 11.) On the occasions when Ms. DeAngelis provided Samuels with legal material, it was allegedly not the correct material and, when Samuels complained, she told him that she did not care because she will be retiring soon.

On October 26, 2017, Samuels sent Mr. Craig, one of the social workers/counselors at the jail, a request for a grievance. Mr. Craig referred Samuels to Lt. Zerr, who allegedly threatened Samuels by "telling [him] to stop sending multiple request slips to Ms. Keely DeAngelis or [Lt. Zerr] will reprimand him for harassment." (*Id.*) Samuels alleged that he is now afraid to send additional requests for legal material because he does not want to go to the "hole." (*Id.*) He alleged that the Defendants' actions have caused "a continuous legal hindrance to [his] ongoing civil and criminal cases." (*Id.*) He sought damages and "copies of all Lexis Advance legal materials off of the computer to have in his possession." (*Id.*)

In a Memorandum and Order entered February 12, 2018, this Court granted Samuels leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court concluded that Samuels failed to state a claim for denial of access to the courts because: (1) he failed to allege that he lost a nonfrivolous or arguable claim due to the Defendants' conduct; (2) the right to access the courts can be satisfied if a plaintiff has an attorney, and Samuels is represented in his criminal cases; and (3) "it [was] not clear how [Samuels's] inability to physically possess the Lexis Advance materials—even if inconvenient—meaningfully hinder[ed] his ability to pursue his claims." (ECF No. 3 at 4.) This Court concluded, however, that Samuels could proceed on a retaliation claim against Lt. Zerr at the screening stage.

In light of the liberal standards governing cases filed by *pro se* litigants, this Court gave Samuels an opportunity to file an amended complaint; and instructed Samuels that, if he filed an amended complaint, he should "name all defendants in the caption of the amended complaint and state how each defendant was involved in the violations of his rights." (ECF No. 4 at 2, ¶ 5.) This Court also explained that, if Samuels did not file an amended complaint, it would direct service on Lt. Zerr only.

Samuels filed an Amended Complaint totaling one-and-a-half pages plus an exhibit. He alleged that he "has not only ongoing criminal cases, but also a civil action lawsuit that is ongoing." (Am. Compl. ECF No. 6 at 1.) He attached a copy of his complaint in the underlying civil action as the exhibit to his Amended Complaint. The civil action complaint was filed in the Montgomery County Court of Common Pleas and raises legal malpractice claims against his public defender.[1] The Amended Complaint appeared to be claiming that Samuels satisfied the pleading elements because he identified a civil case upon which he is proceeding. On that basis, Samuels asked to "Amend [his] original claim of Kelly DeAngelis, Warden Julio Algarin,

---

[1] Samuels's criminal dockets reflect that he is currently represented by private court-appointed counsel.

3

Deputy Warden Sean McGee, and Lt. Zerr for denying [his] Access to the Courts and Government Interference." (ECF No. 6 at 1-2.) He also asked to "sever Brandon Craig from the Civil Action suit." (*Id.* at 2.)

In a Memorandum and Order entered on the docket on March 23, 2018, this Court dismissed the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and explained that it understood Samuels "to be alleging that [the] Defendants denied him access to the courts by denying him printed material from Lexis Advance that he wanted to use to pursue his legal malpractice action." (ECF No. 7 at 4.) However, the Amended Complaint did not state a claim because it "failed to raise allegations against each Defendant" and failed to explain how "[Samuels'] efforts to pursue his legal malpractice claim were impaired by the fact that he was denied print-outs of Lexis Advance materials," especially since his pleadings reflected that he had been given access to those materials (albeit, not the free copies he sought). (*Id.* at 5.) Samuels was given leave to file a second amended complaint within thirty days of the Court's Order. This Court's Order instructed Samuels to identify all the Defendants in the caption and to state the basis for his claims against each Defendant. (ECF No. 8, ¶ 2.)

Approximately two months later, Samuels filed a Second Amended Complaint and a "Motion for Extension of Time/Full Access of Law Library." (ECF Nos. 9 & 10.) The Second Amended Complaint only raises a retaliation claim against Lt. Zerr. As in his initial Complaint, Samuels alleges that DeAngelis will not provide him with Lexis Advance materials and that she would not respond to his repeated requests for those materials. Accordingly, Samuels requested grievances and his requests were forwarded to Lt. Zerr "who then in turn threatened [him]."

4

(Sec. Am. Compl. at 2.) Samuels does not further describe the threat. He also does not indicate the relief he seeks from this Court.

## II. STANDARD OF REVIEW

As Samuels is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.* As Samuels is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some adverse action at the hands of prison officials,' and (3) 'his constitutionally protected conduct was a substantial or motivating factor in the decision' to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (per curiam) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (internal quotations omitted). Filing a grievance against prison officials constitutes protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). "[A] prisoner-plaintiff satisfies [the adverse action] requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his

5

[constitutional] rights.'" *Rauser*, 241 F.3d at 333 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)) (second alteration in original)).

This Court finds that the Second Amended Complaint fails to state a retaliation claim. Although Samuels alleges that Zerr threatened him, he has not described Zerr's conduct with any specificity. Accordingly, he has not established that Zerr's threats were sufficient to deter a reasonable person from exercising his rights.[2] *See Vines v. Columbus House*, No. CV 13-3923(FLW), 2017 WL 2539409, at *11 (D.N.J. June 12, 2017) (dismissing retaliation claims because "Plaintiff's allegations are extremely general and provide no context from which the Court could determine whether any of the threats at issue would deter a reasonable person from exercising her constitutional rights").

## IV. CONCLUSION

For the foregoing reasons, Samuels's Second Amended Complaint is dismissed. Samuels will be given one last opportunity to amend. Samuels's Motion for Extension of Time/Full Access of Law Library, which asks for access to the library so Samuels may prepare a summons and prepare his case is denied at this time because, at this stage of the litigation, Samuels need only set forth the factual basis for his claims.

---

[2] The Third Circuit has held in an unpublished opinion that "threats alone do not constitute retaliation." *Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) (per curiam). However, in a subsequent unpublished opinion, the Third Circuit recognized that other circuits "have held that verbal threats alone can support a claim for retaliation," and resolved that case on qualified immunity grounds. *Wilson v. Zielke*, 382 F. App'x 151, 153 (3d Cir. 2010). Accordingly, whether threats can constitute adverse action sufficient to form the basis of a retaliation claim appears unresolved in this Circuit. *See Chruby v. Kowaleski*, 534 F. App'x 156, 161 (3d Cir. 2013) (resolving the appeal "[w]ithout deciding the general issue of whether threats can constitute adverse action").

6